NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50000 |
| Plaintiff-Appellee, | D.C. No. 5:14-cr-00039-VAP-1 |
| v. | |
| ENRIQUE CESAR WONG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted April 4, 2017[**]
Pasadena, California

Before: PLAGER,[***] BEA, and OWENS, Circuit Judges.

Enrique Cesar Wong appeals from the district court's order revoking his term

of supervised release and sentencing him to five years' imprisonment followed by a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable S. Jay Plager, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

lifetime term of supervised release. Wong also appeals two conditions of his term of supervised release: one which requires him to participate in a "computer monitoring program" administered by the U.S. Probation Office ("USPO"),[1] and another which forbids him from "view[ing] or possess[ing] any materials . . . depicting or describing," *inter alia*, "sexually explicit conduct as defined at 18[] U.S.C. [§] 2256(2)." We review a sentence following the revocation of a defendant's supervised release for "reasonableness," *United States v. Simtob*, 485 F.3d 1058, 1061 (9th Cir. 2007), and we review the conditions of a defendant's term of supervised release for abuse of discretion, *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010). Because the parties are familiar with the facts of this case, we do not recount them here.

We affirm Wong's five-year term of imprisonment, his lifetime term of supervised release, and the condition of his supervised release which requires him to participate in the USPO's computer monitoring program. We vacate the condition of Wong's supervised release which prohibits him from viewing or possessing depictions or descriptions of "sexually explicit conduct" within the meaning of § 2256(2), and we remand with instructions to reimpose that condition in a form that

---

[1] This program requires a participant, *inter alia*, to allow the USPO to install "computer monitoring software" on his "computer system[s]," to "disclose to [his] probation officer all accounts on any social networking site," and to "provide user names and passwords . . . for all devices[] and web-based email accounts to [his] probation officer."

complies with *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015).

1.      The district court committed neither procedural nor substantive error in imposing Wong's sentence. First, the district court did not commit procedural error by relying on improper statutory factors or by failing adequately to explain the reasons for Wong's sentence. The district court expressly considered the "nature and circumstances of [Wong's] offense," the "need for deterrence," and the "need to protect the public from this defendant," all of which are permissible factors for a court to consider when sentencing a defendant following the revocation of a term of supervised release. *See* 18 U.S.C. § 3583(e). Though the district court also cited the "seriousness" of Wong's "conduct" and "the need for the sentence to reflect that," it did so only in relation to other, permissible sentencing factors, such as the "need to protect the public from [Wong]." *See Simtob*, 485 F.3d at 1062 ("The seriousness of the offense underlying the revocation, though not a focal point of the inquiry, may be considered to a lesser degree as part of the criminal history of the violator.").

Nor are we persuaded by Wong's remaining claims of procedural error. Wong's letters from his friends and family, which generally characterized Wong as "someone who repeatedly sacrifice[s] himself for [others]," were not sufficiently "specific" or "tethered to a relevant [statutory] factor" to require express discussion by the district court. *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008). And although the USPO's June 18, 2014 petition incorrectly stated the age of the

3

victim of one of the crimes underlying the revocation of Wong's supervised release—the petition stated that the victim was fourteen years old when in fact she was sixteen—Wong's culpability under the applicable statute of conviction would have been the same even if the victim *had* been fourteen. *See* Cal. Pen. Code § 288.2 (prohibiting "knowingly . . . send[ing] . . . harmful matter" to a "minor"); Cal. Fam. Code § 6500 (defining a "minor" as "any individual who is under 18 years of age"). Further, nowhere in the record did the district court cite the victim's age as an aggravating circumstance or even a reason for imposing Wong's revocation sentence. Thus, Wong's sentence was not "based on [a] clearly erroneous fact[]." *United States v. Collins*, 684 F.3d 873, 888 (9th Cir. 2012).

Finally, the district court did not commit substantive error in imposing Wong's sentence. Wong committed the conduct underlying his arrest in June 2014 while released on bail pending sentencing proceedings in state court, and while on electronic monitoring by the USPO pending his revocation-of-supervised-release proceedings in district court. Thus, Wong's above-guidelines sentence was proper to "sanction [him] for his breach of [the court's] trust[.]" *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (internal quotation marks omitted). Moreover, the conduct underlying Wong's February and June 2014 arrests, both of which involved unlawful sexual activity with minors, supports the district court's conclusion that a longer term of imprisonment and supervised release was justified

to "deter[] this defendant," to "send a message of deterrence to others," and to "protect the public from this defendant." *See* 18 U.S.C. § 3583(e).

**2.** Nor did the district court abuse its discretion by imposing a condition of supervised release that requires Wong to participate in the USPO's computer monitoring program. The condition does not authorize the USPO to monitor Wong's *offline* computer activity, as Wong contends. *See United States v. Quinzon*, 643 F.3d 1266, 1272 (9th Cir. 2011) (holding that because a defendant's condition required him to "pay the cost of the computer monitoring, in an amount not to exceed $30 per month per device *connected to the internet*," the condition impliedly authorized only surveillance of *online* activity (emphasis in original) (internal quotation marks omitted)). Nor does the condition "force a waiver of [attorney-client] privilege," because according to the "Computer Monitoring Program Rules and Participation Agreement," all Wong or his attorney must do to ensure that a privileged email will not be read by Wong's probation officer is include the phrase "Legal Email" in the subject line of that email.

**3.** The district court abused its discretion by imposing a condition of supervised release that prohibits Wong from "view[ing] or possess[ing] any materials . . . depicting or describing . . . sexually explicit conduct as defined at 18[] U.S.C. [§] 2256(2)." In *United States v. Gnirke*, we held that a condition of supervised release which likewise incorporated § 2256(2)'s definition of "sexually

5

explicit conduct" was invalid because it "involve[d] [a] greater deprivation of liberty than [was] reasonably necessary" to achieve the purposes of supervised release. 775 F.3d at 1160. To the extent that Wong's condition incorporates § 2256(2)'s definition of "sexually explicit conduct," it violates our holding in *Gnirke*.

The government concedes that the condition violates *Gnirke* but nonetheless asks the Court to affirm the condition with an "understanding" that it will be applied in a manner that is consistent with *Gnirke*. But the government cites no authority for the proposition that this Court may affirm a facially invalid condition of supervised release with the "understanding" that it will be applied in a manner that is consistent with our precedent, and we are aware of none. Thus, we vacate Wong's condition and remand his case to the district court with instructions to impose a new condition that is consistent with *Gnirke*.

Wong's sentence of five years' imprisonment followed by a lifetime term of supervised release is **AFFRIMED**. The condition of his supervised release which requires him to participate in the USPO's computer monitoring program is also **AFFIRMED**. The condition of his supervised release which forbids him from "view[ing] or possess[ing] any materials . . . depicting or describing . . . sexually explicit conduct as defined at 18[] U.S.C. [§] 2256(2)" is **VACATED**. The case is **REMANDED** to the district court with instructions to reimpose that condition in a manner that is consistent with *Gnirke*.